# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-CR-00360-FDW-DSC

| | |
|---|---|
| USA, <br><br> Plaintiff, <br><br> v. <br><br> COLEMAN BOYD COCKRELL, <br><br> Defendant. | **ORDER** |

THIS MATTER is before the Court on Defendant's Objections, (Doc. No. 61), to the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 59). Defendant seeks review of the Magistrate Judge's M&R regarding Defendant's Motion to Suppress Evidence Found in the Motor Vehicle. (Doc. No. 54). For the reasons that follow, the Magistrate Judge's Memorandum and Recommendation is AFFIRMED, Defendant's Objection is OVERRULED, and Defendant's Motion to Suppress is DENIED.

## I. BACKGROUND

Defendant was initially charged in a two-count indictment on November 19, 2019, (Doc. No. 10); however, a superseding indictment was filed on September 16, 2020, charging Defendant with one count of "Drug Trafficking Conspiracy" and one count of "Possession with Intent to Distribute Methamphetamine." (Doc. No. 24). In Defendant's Objections to the M&R, Defendant does not dispute the Magistrate Judge's discussion of pertinent facts, (Doc. No. 61); the Court accordingly ADOPTS and incorporates by reference Section I of the Memorandum and Recommendation. (Doc. No. 59, pp. 1-2).

1

Defendant's Second Motion to Suppress does not clearly explain exactly what evidence Defendant seeks to suppress.[1] (Doc. No. 54). However, from reading the Magistrate Judge's M&R, the Court assumes Defendant seeks to suppress 119 grams of methamphetamine, $1777, a scale, and baggies, all of which were discovered in a black backpack found in Defendant's car. See (Doc. No. 59, p. 3).

Defendant argues suppression is required because the primary officer involved, Officer Appolon Jean-Paul ("Officer Jean-Paul"), did not have probable cause to search Defendant's vehicle.[2] (Doc. No. 54, p. 4). And, although Defendant offers a number of reasons, most of which are unclear, as to why Officer Jean-Paul lacked probable cause, "the crux of [Defendant's] argument is [that] the . . . search . . . was based on bad intelligence." (Doc. No. 61, p. 3). Put simply, Defendant challenges Officer Jean-Paul's reliance on a Confidential Informant ("CI") as insufficient so support probable cause. See (Doc. Nos. 54, 61).

In his Memorandum and Recommendation, the Magistrate Judge addressed the primary issue of whether Officer Jean-Paul's CI was sufficiently reliable to establish probable cause. (Doc. No. 59). In concluding that Officer Jean-Paul's CI was sufficiently reliable, the Magistrate Judge relied on U.S. v. Miller, which held that "substantially corroborated" tips obtained from CIs can establish probable cause in certain circumstances. 925 F.2d 695, 699 (4th Cir. 1991). The Magistrate Judge determined Officer Jean-Paul sufficiently corroborated the CI's information such that the CI was reliable and probable cause was established. (Doc. No. 59, pp. 6-7). The Magistrate Judge recommends that Defendant's Second Motion to Suppress be denied. Id. at p. 7.

---

[1] For example, Defendant argues his Miranda rights were violated, but he fails to identify any testimonial evidence that should be suppressed. See (Doc. No. 54).

[2] Defendant also argues Officer Jean-Paul impermissibly "extended the time and purpose of the traffic stop in order to conduct a warrantless investigatory search of the vehicle." (Doc. No. 54, p. 1). To the extent Defendant offers this as an alternative argument, it is inapplicable. Officer Jean-Paul did *not* initiate a traffic stop; Officer Jean-Paul initiated a sting operation and Defendant's vehicle was *already parked* in a gas station parking lot before law enforcement initiated the search. See (Doc. No. 59, p. 3).

2

Defendant timely filed his Objections to the M&R; however, it suffers from the same lack of clarity as his initial Motion to Suppress. See (Doc. No. 61). Notwithstanding the Objections' lack of clarity, the Court understands Defendant to be specifically objecting to the Magistrate Judge's determination that Officer Jean-Paul's CI was sufficiently reliable to establish probable cause.[3] Id.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1) See Fed. R. Crim. P. 59(b)(1). A party may file written objections to magistrate judge's memorandum and recommendation within fourteen days of being served with a copy of the memorandum and recommendation. 28 U.S.C § 636(b)(1). "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to.") (quotation omitted). "Frivolous, conclusive or general objections need not be considered by the district court." Battle, 834 F.2d at 421 (quotation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, "[a]n 'objection' that does

---

[3] Defendant suggests the Magistrate Judge failed to address all of the arguments contained in the initial Motion to Suppress. (Doc. No. 61, pp. 2-3). However, as the Court has already noted and explained, Defendant's arguments related to Miranda violations and traffic stops are inapplicable to the otherwise undisputed facts. Neither this Court nor the Magistrate Court can evaluate the merits of a Miranda violation without knowing if Defendant even made any inculpatory statements during a custodial interrogation. A traffic stop analysis is likewise inappropriate when there is no traffic stop.

3

nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id.; see also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966 at *3 (D.S.C. Dec. 5, 2005) (noting a petitioner's objections to a magistrate judge's report "on the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result not only in the loss of de novo review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). If proper objections are made, a district court will review the objections under a de novo standard. 28 U.S.C. § 636(b)(1). Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### III. DISCUSSION

Defendant objects to the Magistrate Judge's determination that Officer Jean-Paul had probable cause to conduct a warrantless search of Defendant's car. (Doc. No. 61). The Court first emphasizes that the challenged warrantless search resulted from a sting operation; it did not result from a routine traffic stop. (Doc. No. 59, p. 2) ("[Officer Jean-Paul's] investigation in this case began with information provided by a CI."). Thus, to the extent Defendant argues the Magistrate Judge erred in his decision based on legal constraints related to traffic stops, Defendant's objection is misplaced. However, to the extent Defendant argues the Magistrate Judge erred in applying Miller, the Court conducts *de novo* review of the M&R.

As noted above, the Magistrate Judge relied on U.S. v. Miller in concluding that Officer Jean-Paul had probable cause to conduct the sting operation and subsequent warrantless search of Defendant's car. (Doc. No. 59, p. 5) ("The facts here are comparable to those in United States v. Miller."). Defendant argues the Magistrate Judge erred in so concluding because "Miller stands for the principle that the information should come to the arbiter assured by the diligence of corroboration and stipulation [and] Officer Jean-Paul failed in his duty [to independently corroborate the CI's information]." (Doc. No. 61, p. 8). Specifically, Defendant argues Officer Jean-Paul failed to collect Facebook messages and failed to validate a non-extraditable warrant, and as such, Officer Jean-Paul should not have been given "the benefit of the doubt." Id. at p. 9.

In Miller, the Fourth Circuit addressed the question of "whether a police officer has probable cause . . . when the officer is acting on an informant's tip and has corroborated a substantial portion of that tip through personal observation" 925 F.2d at 696. In evaluating the "totality of the circumstances surrounding the information available to the officer," the Fourth Circuit held the officer's independent corroboration of information provided by a CI was sufficient to establish probable cause. Id. at 699.

The officer in Miller independently corroborated the informant's tip sufficiently when the officer (1) personally observed the suspect in clothing accurately described by the informant, (2) personally observed the suspect arriving by bus on "Wednesday or Thursday" as described by the informant, and (3) personally recognized the suspect's name from a previous interaction. See id. at 697. Ultimately, because the officer's personal observations "pointed towards the tip's reliability," it was reasonable for the officer in Miller to have believed the unverified portions of the tip, and probable cause was established. Id. at 700.

5

Here, Officer Jean-Paul initiated the warrantless search of Defendant's car and the warrantless arrest of Defendant based on information provided by a CI. As established by the undisputed facts, Officer Jean-Paul had been developing the relevant CI in early May 2019. (Doc. No. 59, p. 2). Around the same time that Officer Jean-Paul learned of Defendant's name through the CI, the CI provided reliable information about other drug trafficking suspects to Officer Jean-Paul, which led to federal drug trafficking charges for and guilty pleas by Johnny Wells, Tonya Wells, and Bobby Cannaday.[4] Id.

Once Officer Jean-Paul learned of Defendant's name and potential drug trafficking involvement from the CI, Officer Jean-Paul independently corroborated the CI's information. First, Officer Jean-Paul verified Defendant's name via his Facebook profile. Id. Second, Officer Jean-Paul went further than the officer in Miller and conducted an independent investigation into Defendant, which revealed that Defendant had prior state and federal firearm offenses and an outstanding non-extraditable arrest warrant in Florida. Id. Third, Officer Jean-Paul set up a controlled buy between Defendant and the CI, and the CI confirmed with Defendant that they would meet around 10 A.M. on May 17, 2019, so Defendant could sell to the CI seven grams of methamphetamine. Id. Officer-Jean Paul observed the Facebook messages between the CI and Defendant as they were exchanged in real time. Id. Finally, Officer Jean-Paul observed Defendant arrive at the pre-designated location at or around the scheduled time. Id.

Officer Jean-Paul independently corroborated enough of the CI's information such that he had probable cause under the totality of the circumstances to initiate the warrantless search of Defendant's car and subsequent arrest. Officer Jean-Paul (1) independently verified Defendant's name via Facebook; (2) conducted his own investigation into Defendant's criminal background;

---

[4] The Court notes that Tonya Wells was present in Defendant's car on the day of the search at issue.

(3) personally observed Defendant agree to sell drugs to the CI at a pre-arranged location and time; and (4), personally observed Defendant arrive at the pre-arranged location, at the pre-arranged time, for the controlled buy. Moreover, Officer Jean-Paul's reliance on the information provided by the CI is all the more reasonable when one considers the CI's prior reliable information that led to federal drug trafficking charges and guilty pleas.

The Court is not persuaded by Defendant's insistence that Officer Jean-Paul should have done more to corroborate the CI's tip. In <u>Miller</u>, the Fourth Circuit explicitly rejected the idea that "officers acting on an informant's tip must corroborate the tip in some specific way," 925 F.2d at 698. This Court rejects the idea as well, particularly when Defendant's suggestions as to what more Officer-Jean Paul should have done are meritless.[5] Ultimately, Officer Jean-Paul substantially corroborated the CI's tip such that Officer Jean-Paul had probable cause to initiate a warrantless search of Defendant's car under the requirements set forth in <u>Miller</u>. Defendant's Objections to the M&R are overruled.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 59), is AFFIRMED, Defendant's Objection to the Memorandum and Recommendation, (Doc. No. 61), is OVERRULED, and Defendant's Second Motion to Suppress, (Doc. No. 54) is DENIED.

IT IS SO ORDERED.   Signed: August 25, 2021

_____
Frank D. Whitney
United States District Judge

---

[5] Defendant argues Officer Jean-Paul "failed in his duty to collect the Facebook messages," (Doc. No. 61, p. 8), but does not dispute that the messages were deleted. (Doc. No. 59, p. 3 n.2). Defendant also argues Officer Jean-Paul failed to validate a non-extraditable warrant but provides no factual detail or legal authority to suggest that the warrant was somehow invalid.