# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

United States of America
v.

Coleman Boyd Cockrell

Date of Original Judgment: 10/25/2022
Date of Previous Amended Judgment: 
*(Use Date of Last Amended Judgment if Any)*

Case No.: 0419 3:19CR00360-001

USM No: 28153-058

Pro se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 10/31/2022, shall remain in effect.

**IT IS SO ORDERED**.

Signed: July 23, 2024

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Coleman Boyd Cockrell
CASE NUMBER: 0419 3:19CR00360
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 29        Amended Total Offense Level: 29
Criminal History Category: V              Criminal History Category: IV
Previous Guideline Range: 140 to 175 months   Amended Guideline Range: 121 to 151 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because his sentence of 120 months represented the statutory mandatory minimum sentence on Count 2. Under Part B of the Amendment, Defendant now scores nine criminal history points instead of ten, which results in a criminal history category of IV and a guideline range of 121 to 151 months. However, under Sentencing Guideline Sections 5G1.1 and 5G1.2, the sentence imposed may not be less than the statutorily required minimum sentence, which in this case was 120 months. Therefore, application of Amendment 821 does not warrant a reduction in Defendant's sentence.